IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHNNY FRED MORGAN JR., | ) | 8:11CV232 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Johnny Fred Morgan Jr.'s ("Morgan") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) Respondent filed an Answer (filing no. 17), Brief on the merits of the Petition (filing no. 18), Reply Brief (filing no. 21), and relevant State Court Records (filing no. 16). Morgan filed a response to Respondent's Answer and Brief. (Filing Nos. 19 and 20.) This matter is therefore deemed fully submitted.

Liberally construing the allegations of Morgan's Petition, he asserts the following claims:

Claim One: Petitioner was denied his right to confront witnesses in violation of the Sixth Amendment because the victim was allowed to testify from behind a "large stuffed animal" ("Claim One").

Claim Two: Petitioner was denied due process of law in violation of the Fourteenth Amendment because (1) the State had no physical or medical evidence to support the victim's testimony; (2) the State's witnesses all gave conflicting testimony; (3) the victim was impeached with evidence that she was lying; (4) the victim's sister was allowed to sit in the courtroom in violation of the sequestration order and

|  |  |
|---|---|
|  | could not be called as a witness; (5) the victim was allowed to testify after the State admitted she was lying; (6) the trial court did not hold an evidentiary hearing after it was informed the victim was lying; (7) the trial court permitted the victim to testify from behind a "large stuffed animal" ("Claim Two"). |
| Claim Three: | Petitioner was denied the effective assistance of counsel in violation of the Sixth Amendment because his trial counsel did not (1) ask for an evidentiary hearing; (2) call witnesses proffered by Petitioner; (3) object to the victim testifying from behind a "large stuffed animal"; (4) ask for a mistrial after it was apparent that the victim was lying ("Claim Three"). |

(Filing No. 1, together, the "Habeas Claims.")

### *BACKGROUND*

### *I.    Morgan's Conviction and Direct Appeal*

On December 13, 2007, a jury found Morgan guilty of one count of first degree sexual assault. (Filing No. 16-18, Attach. 18, at CM/ECF pp. 45, 49.) The Platte County, Nebraska District Court thereafter sentenced Morgan to serve a prison term of 12-15 years on that conviction. (*Id.* at CM/ECF pp. 54-56.) Morgan filed a timely direct appeal, in which he raised, among other things, Claim Three, Part 2. (Filing No. 16-10, Attach. 10, at CM/ECF pp. 1-34.) Morgan's direct appeal counsel was different from his trial counsel. (*Id.* at CM/ECF p. 1; Filing No. 16-18, Attach. 18, at CM/ECF p. 54.) The Nebraska Court of Appeals affirmed the conviction and sentence on February 10, 2009, issuing a lengthy memorandum opinion. (Filing No. 16-1, Attach. 1, at CM/ECF pp. 1-10.) Morgan filed a petition for further review with the

Nebraska Supreme Court, which denied relief to Morgan on April 15, 2009. (Filing No. 16-7, Attach. 7, at CM/ECF p. 2.)

## II.  *Morgan's Post Conviction Motion and Appeal*

On July 6, 2009, Morgan filed a verified motion for postconviction relief in the Platte County District Court (the "Post Conviction Motion"). (Filing No. 16-19, Attach. 19, at CM/ECF pp. 21-48.) Liberally construed, the Post Conviction Motion set forth all three Habeas Claims. (*Id.*) The Platte County District Court declined to hold an evidentiary hearing and issued an order denying relief on all claims asserted in the Post Conviction Motion. (*Id.* at CM/ECF pp. 75-79.) Morgan filed a timely appeal of the denial of post conviction relief. On appeal, Morgan assigned several errors, encompassing at least portions of his three Habeas Claims. (Filing No. 16-13, Attach. 13, at CM/ECF pp. 1-33.)

On September 1, 2010, the Nebraska Court of Appeals affirmed the Platte County District Court's denial of post conviction relief. (Filing No. 16-8, Attach. 8, at CM/ECF p. 2.) Morgan filed a petition for further review with the Nebraska Supreme Court, which again denied relief to Morgan on November 24, 2010. (*Id.*) Details of the Nebraska state court opinions are set forth where necessary in the court's analysis below. On June 29, 2011, Morgan timely filed his Petition in this court. (Filing No. 1.)

## ANALYSIS

### I.  *Claims One through Three*

#### A.  **Standards for Procedural Default**

As set forth in 28 U.S.C. § 2254(b)(1):

(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B)  (I) there is an absence of available State corrective process; or
         (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

In addition, "fair presentation" of a habeas claim in state court means that a petitioner "must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent

4

federal constitutional issue in a claim before the state courts." *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007) (quotation omitted). Thus, where a petitioner argued in the state courts only that "the trial court misapplied . . . state statutes and case law," the claim is not properly raised and may be procedurally defaulted. *Id.*; *see also Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009) (finding claim was procedurally barred where the petitioner failed to raise his federal due process claim and "cited no federal authority" in the state courts).

Moreover, where "no state court remedy is available for the unexhausted claim-that is, if resort to the state courts would be futile-then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n. 1.

Under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). In such circumstances, where a Nebraska state court rejects a claim on state procedural grounds, and "issues a plain statement that it is rejecting petitioner's federal claim on state procedural grounds," a federal habeas court is precluded from "reaching the merits of the claim." *Shaddy v. Clarke*, 890 F.2d 1016, 1018 (8th Cir. 1989); *see also Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (reiterating that "when a state court declined to address a prisoner's federal claims because the

prisoner had failed to meet a state procedural requirement," federal habeas is barred because "[i]n such instances, the state prisoner forfeits his right to present his federal claim through a federal habeas corpus petition") (quotations omitted). However, the state court procedural decision must "rest[] on independent and adequate state procedural grounds." *Barnett v. Roper*, 541 F.3d 804, 808 (8th Cir. 2008) (quotation omitted). "A state procedural rule is adequate only if it is a firmly established and regularly followed state practice." *Id.* (quotation omitted). Even where a claim has been procedurally defaulted, a petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the default. *Akins*, 410 F.3d at 456 n. 1.

### B. Morgan's Claims One through Three

As set forth above, Morgan pursued a direct appeal and raised only one of his Habeas Claims, Claim Three, Part 2, in that appeal. (Filing No. 16-10, Attach. 10, at CM/ECF pp. 1-34.) Indeed, except for Claim Three, Part 2, addressed by the court below, Morgan failed to properly raise any of his Habeas Claims in the Nebraska state courts. As an initial matter, the court notes that Morgan raised issues similar to Claim Two, Parts 1-4, in his direct appeal. (*Id.*) However, he did not raise these claims in the context of a federal due process violation. (*Id.*) As set forth above, in order to "fairly present" his habeas claims, Morgan "must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Carney,* 487 F.3d at 1096 (quotation omitted); *see also Rucker,* 563 F.3d at 771 (finding claim was procedurally barred where the petitioner failed to raise his federal due process claim and "cited no federal authority" in the state courts). Morgan raised these claims only in the context of Nebraska state law, and, as such, he failed to "fairly present" Claim Two, Parts 1-4 to the Nebraska state courts.

Liberally construed, Morgan raised Claim One, Claim Two, Parts 5-7, and Claim Three, Parts 1, 3-4 in his Post Conviction Motion and appeal, but the Platte

6

County District Court rejected them.[1]  In denying Morgan relief on these claims, the Platte County District Court specifically determined that the claims could and should have been brought on direct appeal, but were not.  (Filing No. 16-19, Attach. 19, at CM/ECF pp. 77-78.)  In particular, that court found that the issues raised in the Post Conviction Motion were "not raised on direct appeal, and [were] not, as such, addressed by the Court of Appeals in its decision affirming Morgan's conviction and sentence." (*Id.* at CM/ECF p. 77.)  Regarding Claim One and Claim Two, Part 7, the Platte County District Court specifically determined:

> It is well established that a party cannot raise an issue in a postconviction motion if he or she could have raised that same issue on direct appeal. . . Here, any issues pertaining to the victim's testimony or to her holding a stuffed animal while testifying obviously could have been raised on direct appeal.  Because such issues were not raised on direct appeal, they are procedurally barred in this postconviction action.

(*Id.* at CM/ECF p. 78, citations omitted.)  The Platte County District Court made similar findings regarding Claim Three:

> Morgan's postconviction motion also raises a claim as to his trial counsel's alleged ineffective assistance.  But, as previously noted, Morgan was represented by different counsel on direct appeal.  When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial

---

[1]The Platte County District Court did not specifically address Claim Two, Parts 5-6 and Claim Three, Parts 1 and 4 and it is unclear whether Morgan raised them in the state courts. (Filing No. 16-19, Attach. 19, at CM/ECF pp. 75-79.)  Regardless, the Platte County District Court rejected Morgan's Post Conviction Motion in its entirety, finding that he should have brought his claims on direct appeal.  (*Id.*)  Therefore, even though that court did not specifically address these claims, it nevertheless rejected them as procedurally barred.  On the other hand, if Morgan failed to raise Claim Two, Parts 5-6 and Claim Three, Parts 1 and 4, those claims are procedurally barred for a different reason, Morgan's failure to raise them to the state courts at all.

> counsel's ineffective performance which is known to the defendant or is apparent from the record. . . . Otherwise, the issue will be procedurally barred. . . .While Morgan raised certain claims of trial counsel's alleged ineffective assistance on direct appeal, he did not raise any ineffective assistance issues relating to the victim's testimony or to her holding a stuffed animal while testifying. Because these claims of trial counsel's alleged ineffectiveness were available to Morgan on direct appeal, they are, as such, procedurally barred in this postconviction action.

(*Id.*, citations omitted.)

The Nebraska Court of Appeals and the Nebraska Supreme Court affirmed the Platte County District Court's denial of relief. (Filing No. 16-8, Attach. 8, at CM/ECF p. 2.) In affirming the Platte County District Court, the Nebraska Court of Appeals specifically relied on Nebraska law stating that a "motion for postconviction relief is procedurally barred where issues could have been raised on direct appeal. (*Id.*) In light of the Nebraska state courts' "plain statement[s]" that they were rejecting Morgan's federal claims on independent and adequate state procedural grounds, this court is barred from addressing the merits of Claims One through Three (except Claim Three, Part 2). *Shaddy,* 890 F.2d at 1018. Stated another way, these claims are procedurally defaulted and the court cannot reach the merits of these claims unless Morgan demonstrates cause and prejudice excusing the default.

### C. Cause and Prejudice

To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Although there is no precise definition of what constitutes cause and prejudice, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the

8

State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999); *see also Bell v. Attorney Gen. of the State of Iowa*, 474 F.3d 558, 561 (8th Cir. 2007) ("A cause is sufficient to excuse procedural default when it is external to the petitioner, and not attributable to the petitioner.").

The court has carefully reviewed the record in this matter. Liberally construed, Morgan does not argue cause and prejudice to excuse his default. (Filing No. 20.) Rather, Morgan argues that he raised his claims, the Nebraska courts chose not to consider them, but that this court may still resolve them. (*Id.*) As set forth above, Morgan is incorrect. As the court has already determined, Morgan's Unraised Claims are procedurally defaulted and, as such, may not be considered by this court. Because Morgan has not shown cause and prejudice, Claims One, Two, and Three, Parts 1 and 3-4 are dismissed as procedurally defaulted.

## II.     Claim Three, Part 2

### A.     Standard of Review

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the facts and the law. *See* 28 U.S.C. § 2254(d). With regard to the deference owed to factual findings of a state court's decision, a federal court is bound by those findings unless the state court made a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Further, section 2254(d)(1) states that a federal court may not grant a writ of habeas corpus unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. *Id.* at 399. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

Put simply, "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 786 (2011). The deference due to state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Id.* In short, "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* This high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See Brown v. Luebbers*, 371 F.3d 458, 460-61 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

The Eighth Circuit has clarified what it means for a claim to be adjudicated on the merits, finding that:

> AEDPA's requirement that a petitioner's claim be adjudicated on the merits by a state court is not an entitlement to a well-articulated or even a correct decision by a state court. . . . Accordingly, the postconviction trial court's discussion of counsel's performance–combined with its express determination that the ineffective-assistance claim as a whole lacked merit–plainly suffices as an adjudication on the merits under AEDPA.

10

*Worthington v. Roper*, 631 F.3d 487, 496-97 (8th Cir. 2011) (quotations and citations omitted). The court also determined that a federal district court reviewing a habeas claim under AEDPA must "look through" the state court opinions and "apply AEDPA review to the 'last reasoned decision' of the state courts." *Id.* A district court should do "so regardless of whether the affirmance was reasoned as to some issues or was a summary denial of all claims." *Id.* Similarly, the Supreme Court has held:

> There is no text in the statute requiring a statement of reasons. The statute refers only to a "decision," which resulted from an "adjudication." As every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.

*Harrington*, 131 S. Ct. at 784.

### B. The *Strickland* Standard

The Nebraska Court of Appeals adjudicated only Claim Three, Part 2 on the merits, which relates to the ineffective assistance of Morgan's trial counsel. Claims of ineffective assistance of counsel are reviewed under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668, 694 (1984). *Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. *Id.* at 687; *see also Bryson v. United States*, 268 F.3d 560 (8th Cir. 2001); *Williamson v. Jones*, 936 F.2d 1000, 1004 (8th Cir. 1991).

The first prong of the *Strickland* test requires the petitioner to demonstrate that his attorney failed to provide reasonably effective assistance. *Strickland*, 466 U.S. at 687-88. In conducting such a review the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."

11

*Id.* at 689. The second prong requires the petitioner to demonstrate "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Hubbeling v. United States*, 288 F.3d 363, 365 (8th Cir. 2002). A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988)). Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation are virtually unchallengeable" in a later habeas corpus action. 466 U.S. at 689.

Additionally, the Supreme Court has emphasized that the deference due the state courts applies with vigor to decisions involving ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 556 U.S. 111 (2009) (reversing the Ninth Circuit Court of Appeals and holding that the decision of the California Court of Appeals, that the defendant was not deprived of effective assistance of counsel when his attorney recommended withdrawing his insanity defense during second phase of trial, was not contrary to or an unreasonable application of clearly established federal law; also concluding, among other things, that there was no reasonable probability that, but for counsel's alleged unprofessional error, the result of the proceeding would have been different).

In *Knowles*, the Justices stressed that under the *Strickland* standard, the state courts have a great deal of "latitude" and that "leeway" presents a "substantially higher threshold" for a federal habeas petitioner to overcome. Thus:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable-a substantially higher threshold." *Schriro*, supra, at 473, 127 S. Ct. 1933. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 158

L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

*Id.* at 1420.

### C. Morgan's Claim Three, Part 2

#### 1. State Court Findings

For his Claim Three, Part 2, Morgan argues that his trial counsel was ineffective for failing to call a particular witness on his behalf. (Filing No. 1.) Liberally construed, Morgan raised this claim on direct appeal, and the Nebraska Court of Appeals considered and rejected it.

Applying *Strickland* and other federal and Nebraska precedent, the Nebraska Court of Appeals determined:

> Of course, without an evidentiary hearing, we do not know whether Morgan's trial counsel attempted to contact and/or interview the potential witness. However, Morgan fails to explain how, if trial counsel had contacted, interviewed, and subpoenaed this particular friend, that that testimony would have provided reasonable doubt upon which the jury would have returned a verdict of not guilty. In his brief, Morgan admits that "[i]t cannot be exactly known how [this particular friend's] testimony would have changed the outcome of the trial in this matter' . . . ." Because Morgan has failed to show that testimony from this particular friend would have created reasonable doubt in the minds of the jurors, his argument that his trial counsel was insufficient for failing to contact, interview, and subpoena this particular potential witness must fail. Accordingly, we conclude that this assignment of error is also without merit.

(Filing No. 16-1, Attach. 1, at CM/ECF p. 9.) The Nebraska Supreme Court also denied relief to Morgan on Claim Three, Part 2 in rejecting his petition for further review. (Filing No. 16-7, Attach. 7, at CM/ECF p. 2.)

*2. Deference*

Respondent argues that the foregoing findings of fact and conclusions of law are entitled to deference under the statutory standard of review that applies to factual and legal conclusions reached by the state courts. Indeed, as set forth above, the court must grant substantial deference to the Nebraska state court decisions. The court has carefully reviewed the record in this matter and finds that the Nebraska state court decisions are not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Morgan has not submitted any evidence, let alone clear and convincing evidence, that the Platte County District Court or the Nebraska Court of Appeals were incorrect regarding any factual determinations. 28 U.S.C. § 2254(e)(1). The grant of a writ of habeas corpus is not warranted based on Morgan's only non-defaulted Habeas Claim, Claim Three, Part 2, because the Nebraska state courts correctly applied *Strickland* and other Supreme Court holdings. In light of these findings, Morgan's Claim Three, Part 2 is also dismissed.

IT IS THEREFORE ORDERED that:

1. Petitioner Johnny Fred Morgan Jr.'s Petition for Writ of Habeas Corpus (filing no. 1) is dismissed with prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 6th day of February, 2012.

14

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.